Opinion of the Court, by
Judge Mills.
THIS is an action brought to recover the penalty imposed by an act of assembly. The declaration alleges, “that the plaintiff, on the 15th of November 1818, and some time before, and ever since, was, and is the owner of one negro man slave, by the name of Peter, and whilst he was the owner as aforesaid, the defendant, on the day and year aforesaid, at the circuit aforesaid, did then and there deal with and buy of said slave, without the leave or consent of the plaintiff, in writing or otherwise, one mare of the value of one hundred dollars; whereby he, the defendant, by force of an act entitled “ an act to reduce into one the several acts respecting slaves, free negroes, mulattoes and Indians,” forfeited to the plaintiff four times the value of said mare so bought as aforesaid, to wit, the sum of four *410 hundred dollars, and an action hath accrued to the plaintiff, to recover of the defendant four times the value of said mare as aforesaid; but the same to pay, he, the defendant, although often thereto required, hath hitherto failed and refused, and still doth refuse, to the damage of the plaintiff four hundred dollars; and therefore he sues.”
2 Dig. 1152.
To this declaration there was a general demurrer, and the demurrer being joined, the court below sustained it, and gave a judgment for the defendant; to reverse which, the plaintiff below has prosecuted this writ of error.
The only objection which we perceive to have any plausibility in it, and which has been made to this declaration, is, that the article bought of the slave is not one included within the act of assembly, under the term, “ commodity.” The expressions of the act are, “ No person whatever shall buy, sell or receive, of, to, or from any slave, any coin or commodity whatever, without the leave or consent of the master or owner of such slave, in writing expressive of the article so permitted to be bought or sold.” We have no hesitation in saying, that the term, commodity, is opposed to coin, and that the two words mean the same thing which is now frequently expressed by the vulgar and popular language of money and property. The term, commodity, is properly used to signify almost any description of article called movable or personal estate, and in this sense it is here intended. The sense is also fully ascertained by the subsequent expressions, “ writing expressive of the article so permitted to be bought or sold.” This shows that any article bought or sold without the assent of the owner or master, properly given, was designed by the legislature to subject the party offending to the penalty imposed by the act.
The declaration appears, in other respects, to allege an offence embraced by the statute, and to be substantially good. The circuit court, therefore, erred in sustaining the demurrer.
The judgment must be reversed with costs, and the cause remanded, with directions to enter judgment on the demurrer, unless the defendant shall tender an issuable plea, and apply for leave to withdraw the demurrer.